**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **VIRGIL MITCHELL,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 2:08-CV-0456 |
| : | **JUDGE SMITH** |
| : | **Magistrate Judge Abel** |
| **ALLIED TUBE & CONDUIT** : | |
| **CORPORATION,** : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

*Pro Se* Plaintiff Virgil Mitchell ("Plaintiff") brings this action against Defendant Allied Tube & Conduit Corporation ("Defendant") alleging that Defendant wrongfully discharged him in breach of the collective bargaining agreement (Doc. 3).

Plaintiff filed his Complaint on July 8, 2008 (Doc. 3). Defendant filed a Motion to Dismiss Plaintiff's Complaint or, in the alternative, for Summary Judgment on August 4, 2008 (Doc. 6). Plaintiff failed to respond to Defendant's motion, which prompted the Court to Order Plaintiff to Show Cause on October 1, 2008 (Doc. 8). Plaintiff untimely filed a Response to the Order on October 17, 2008, stating that Defendant gave him a point for absence on a day for which he had a doctor's excuse (Doc. 9).[1] Defendant filed a Reply in support of its Motion to Dismiss Plaintiff's Complaint or, in the alternative, for Summary Judgment on October 22, 2008 (Doc. 10). Defendant's motion is now ripe for review. For the reasons that follow, this Court

---

[1] Despite the late filing, the Court will give some leniency to Plaintiff since he is proceeding *pro se* and consider the response.

**GRANTS** Defendant's Motion to Dismiss (Doc. 6), dismissing all Plaintiff's claims with prejudice.

## I. FACTS

> Plaintiff alleges in his Complaint:
> Brian Morrison told me not to return to work, because I've had reached 8 points, even though I had doctor's excuse, and no union representation. And no union contact since relieved from duty.

(Doc. 3 at p. 5). The Court construes this to mean the following: Plaintiff worked for Defendant and was a member of the union. Plaintiff's collective bargaining agreement said Defendant would terminate his employment after eight absences from work. Defendant was absent from work on March 15, 2007, because he visited the Emergency Room at Licking Memorial Hospital**.** Upon his return to work, he submitted a doctor's excuse to Brian Morrison for March 15, 2007. Brian Morrison informed Plaintiff he had reached eight absences and was terminated pursuant to his collective bargaining agreement. Plaintiff failed to grieve his termination, and the union did not file a grievance on his behalf. (*See* Affidavit of Betty Johnson at ¶¶ 4-5).

## II. STANDARD OF REVIEW FOR A MOTION TO DISMISS

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods.*, 705 F.2d at 155. The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) only if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if there is an insurmountable bar to relief on the face of the complaint. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id*.

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964–65 (2007).[2] A plaintiff's obligation to provide the grounds of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *See LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556 at *3-4 (6th Cir. 2007) (citing *Bell Atlantic*, 127 S.Ct. at 1964–65). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show

---

[2]In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court rejected the language in *Conley v. Gibson* that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46. *See Bell Atlantic,* 127 S.Ct. at 1964 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

entitlement to relief. *Id*. at 1965. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id*. at 1969.

*Pro se* plaintiff pleadings are held to an especially liberal standard. *Herron v. Harrison*, 203 F.3d 410 (6th Cir. 2000); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (*Quoting Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

Still, the notice pleading standard in Rule 8(a) requires more than bare assertions of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Therefore, *pro se* complaints are insufficient unless they raise a right to relief above a speculative level. *See Bell Atlantic*, 127 S.Ct. at 1964.

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint for the following reasons: (1) Plaintiff failed to allege the union breached its duty of fair representation; (2) Plaintiff failed to exhaust his administrative remedies; and (3) Plaintiff's Complaint was filed outside the six-month statute of limitations period. The Court will address each in turn.

As a preliminary matter, Defendant moves to dismiss or, in the alternative, for summary judgment. Rule 12(b)(6) requires that "if matters outside the pleadings are presented to and not excluded by the court" in a motion to dismiss under subsection (6), that motion "shall be treated as one for summary judgment." The rule also requires that such a motion be "disposed of as

provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." *See United Bhd. of Carpenters & Joiners of Am. v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550, 558 (6th Cir. 1991) ("Where one party is likely to be surprised by the change of proceedings, notice is required.")

In this case, Defendant relies primarily on the Complaint, but Plaintiff introduces other exhibits like his contact with the Equal Employment Opportunity Commission. Regardless, a federal court may take judicial notice of the proceedings in other courts of record and therefore does so in this case. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Accordingly, the parties have not referred to matters outside the pleadings and Defendant's motion will remain a motion to dismiss. *See Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (holding that because the movants' attachment to their motion to dismiss did not rebut, challenge, or contradict anything in the plaintiffs' complaint, it did not convert the motion to dismiss into a motion for summary judgment); *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that documents whose contents are alleged in a complaint and whose authenticity is uncontested, but that are not physically attached to the pleading, may be considered in ruling on a 12(b)(6) motion to dismiss); *Venture Assocs. Corp. V. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (holding that documents attached to a defendant's motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to her claim).

**A.     Plaintiff's Complaint fails to state facts to support his claim**

Defendant asserts that the Court should dismiss Plaintiff's Complaint, because he fails to allege an essential element of his claim (Doc. 6 at pp. 6-7). Plaintiff attempts to state a claim for

wrongful discharge or for a breach of the collective bargaining agreement (Doc. 3 at p. 5), which is a hybrid claim under § 301 of the Labor Management Relations Act.

To establish a § 301 claim, a plaintiff must show (1) the union breached its duty of fair representation and (2) the company breached the collective bargaining agreement. *Smith v. Ameritech*, 129 F.3d 857, 868 (6th Cir. 1997). A union breaches its duty of fair representation when it acts in an arbitrary, discriminatory, or bad faith manner toward a member of the collective bargaining unit. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). A union's actions are arbitrary only if its behavior is so far outside a 'wide range of reasonableness' as to be irrational. *Plunkett v. Smurf-Stone Container Corp.*, 247 Fed.Appx. 604, 607 (6th Cir. 2007). An employee has 'no absolute right' to have a grievance arbitrated. *Vaca*, 386 U.S. at 191.

In this case, Plaintiff's Complaint fails to allege the union breached its duty of fair representation (Doc. 3 at p. 5). Plaintiff's collective bargaining agreement required that he file a grievance upon a dispute (Doc. 6 at p. 7). However, Plaintiff fails to allege that he filed such a grievance on his own volition, that the union filed one on his behalf, or that he contacted the union regarding their filing a grievance on his behalf (Doc. 3 at p. 5). Additionally, he fails to allege any union conduct that could be described as arbitrary, discriminatory, or in bad faith (Doc. 3 at p. 5). Plaintiff has no absolute right to have a grievance arbitrated. Thus, the union does not act in an arbitrary, discriminatory, or bad faith manner by not pursuing a claim.

Even considering the facts most favorable to Plaintiff, the exhibits attached to Plaintiff's Complaint show that the union made a good faith decision not to grieve his termination (Doc. 3-2 at p. 1). The Equal Employment Opportunity Commission adopted the findings of the state or local fair employment practices agency that investigated his charge and, thus, also dismissed it

(Doc. 3-2 at p. 1). As such, Plaintiff's Complaint fails to allege material facts to support his § 301 claim. To characterize the union's conduct in this case as arbitrary, discriminatory, or in bad faith is speculative, and therefore, Plaintiff fails to state a claim upon which relief can be granted.

**B.      Plaintiff failed to exhaust his administrative remedies**

Defendant argues next that Plaintiff cannot state a claim for relief, because he failed to exhaust his administrative remedies before initiating this action (Doc. 6 at p. 4). If a wrongfully discharged employee resorts to the courts before the grievance procedures have been fully exhausted, the employer may defend on the ground that the exclusive remedies provided in the contract have not been taken. *Vaca*, 386 U.S. at 184. Since an employee's claim is based upon breach of the collective bargaining agreement, he is bound by the terms that govern the manner in which those contract rights may be enforced. *Id*. Recognizing the congressional policy favoring the private resolution of labor disputes through contractual grievance procedures, the Supreme Court has long held that employees must exhaust their remedies under the collective bargaining agreement before attempting to bring suit. *Youseff v. Ford Motor Co.*, No. 99-3608, 2000 U.S. App. LEXIS 14080, *3 (6th Cir. 2000). The Sixth Circuit has apparently treated motions to dismiss for failure to exhaust remedies in § 301 cases as Rule 12(b)(6) motions. *Id*. at 3, n. 3.

Plaintiff's collective bargaining agreement provided that he must grieve his termination if he thought it was wrongful (Doc. 6 at p. 7). However, Plaintiff did not file such a grievance, nor did the union file a grievance on his behalf. Therefore, he did not exhaust his contractual remedies before attempting to bring suit. Accordingly, Plaintiff's claims must be dismissed for failure to exhaust his administrative remedies.

## C. Plaintiff's claim is barred by the statute of limitations

Finally, Defendant argues that Plaintiff's Complaint must be dismissed, because he failed to bring it within the applicable statute of limitations (Doc. 6 at p. 8). Defendant argues that Plaintiff knew, or should have known, soon after his termination that the union was not going to grieve his termination, because he had no contact with the union (Doc. 6 at p. 8). A plaintiff must sue on a hybrid § 301 claim within six months of knowing that the union has abandoned his or her claim. *Carter v. Cincinnati Post*, No. 1:07cv159, 2007 U.S. Dist. LEXIS 71971, at *6 (S.D. Ohio Sept. 27, 2007). Plaintiff was terminated on March 15, 2007 and filed his complaint on May 12, 2008 (Doc. 3 at p. 5).

Viewing the facts most favorable to Plaintiff, the exact date he knew, or should have known, the union was not filing a grievance on his behalf is unknown. Plaintiff never contacted the union to inquire about his termination before filing a complaint. However, his exhibits show that he contacted both the Equal Employment Opportunity Commission and a state or local agency to investigate his claim before filing a complaint, both of which dismissed his charge (Doc. 3-2 at p. 1). Due to their dismissals, we can infer that he knew for quite some time that the union would not grieve his termination. The Court, however, finds that it is unnecessary to fully analyze Defendant's statute of limitations argument because Plaintiff's Complaint must be dismissed based on the previous two arguments.

## IV. DISPOSITION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, dismissing with prejudice all of Plaintiff's claims.

The Clerk shall remove Document 6 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　 */s/ George C. Smith*
　　　　　　　　　　　　　　　　　　　**GEORGE S. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**